IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:16 CR 516 |
| Plaintiff, | OMNIBUOUS ORDER |
| -vs- | RE: FORFEITURE |
| Alan Beauchamp, et al., | JUDGE JACK ZOUHARY |
| Defendants. | |

### INTRODUCTION

The Government moves for forfeiture in the form of money judgments against multiple Defendants. Several Defendants oppose, asserting similar arguments (Docs. 1281, 1303, 1379, 1400). The Government replies (Docs. 1382, 1402). This Order addresses newly raised arguments, and applies to all applicable Defendants.

### DISCUSSION

**Forfeiture Standard**

Federal Criminal Rule 32.2(b)(1)(A) provides that "[a]s soon as practical" after a conviction on an offense that provides for criminal forfeiture, "the court must determine the amount of money that the defendant will be ordered to pay." That "determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Federal Criminal Rule 32.2(b)(1)(B). The Government must demonstrate "forfeiture is warranted . . . [by] a preponderance of the evidence." *United States v. Gasanova*, 332 F.3d 297, 301 (5th Cir. 2003).

*Constitutionality*

Defendants argue forfeiture is improper because there was no jury determination (Docs. 1303, 1281). Shah asserts that "[t]he Fifth and Sixth Amendments entitle [him] to a jury determination as to any amount of forfeiture owed based on findings made beyond a reasonable doubt, and the jury made no such findings here" (Doc. 1281 at 2).

This argument has been considered and rejected by the Fifth Circuit.  In *United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014), defendant argued "that the Supreme Court's holding in *Southern Union Company v. United States* -- that the holding of *Apprendi v. New Jersey* applies to criminal fines, such that any fact that increases a defendant's maximum fine must be found by a jury -- applies to any fact that increases the amount of forfeiture or restitution."  The Fifth Circuit found no "merit in [defendant's] contention that the restitution and forfeiture award must be vacated because the Fifth and Sixth Amendments entitled him to a jury determination of forfeiture and restitution." *Id.*

*Joint and Several Liability*

The Government asserts Rimlawi and Won are jointly and severally liable for $6,355,000 in proceeds received by Minimally Invasive Spine Institute ("MISI") (Docs. 1092, 1239).  Defendants point to *Honeycutt v. United States*, 137 S. Ct. 1626, 1635 (2017), which held there is no joint-and-several liability, as forfeiture "is limited to property the defendant himself actually acquired as the result of the crime" (Doc. 1379).  Thus, because the bribes were paid to marketing companies these defendants "did not own," they cannot be liable for forfeiture of those proceeds.  Defendants further argue any forfeiture should be limited by the "benefit received" by other physicians or FPMC (*id.* at 2).

*Constitutionality*

Defendants argue forfeiture is improper because there was no jury determination (Docs. 1303, 1281). Shah asserts that "[t]he Fifth and Sixth Amendments entitle [him] to a jury determination as to any amount of forfeiture owed based on findings made beyond a reasonable doubt, and the jury made no such findings here" (Doc. 1281 at 2).

This argument has been considered and rejected by the Fifth Circuit.  In *United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014), defendant argued "that the Supreme Court's holding in *Southern Union Company v. United States* -- that the holding of *Apprendi v. New Jersey* applies to criminal fines, such that any fact that increases a defendant's maximum fine must be found by a jury -- applies to any fact that increases the amount of forfeiture or restitution."  The Fifth Circuit found no "merit in [defendant's] contention that the restitution and forfeiture award must be vacated because the Fifth and Sixth Amendments entitled him to a jury determination of forfeiture and restitution." *Id.*

*Joint and Several Liability*

The Government asserts Rimlawi and Won are jointly and severally liable for $6,355,000 in proceeds received by Minimally Invasive Spine Institute ("MISI") (Docs. 1092, 1239).  Defendants point to *Honeycutt v. United States*, 137 S. Ct. 1626, 1635 (2017), which held there is no joint-and-several liability, as forfeiture "is limited to property the defendant himself actually acquired as the result of the crime" (Doc. 1379).  Thus, because the bribes were paid to marketing companies these defendants "did not own," they cannot be liable for forfeiture of those proceeds.  Defendants further argue any forfeiture should be limited by the "benefit received" by other physicians or FPMC (*id.* at 2).

*Honeycutt* held that joint-and-several liability was not permitted for defendants charged with certain drug crimes who never "obtained, directly or indirectly" the proceeds sought by the Government. 137 S. Ct. at 1633.  Some circuits have held that *Honeycutt* is inapplicable to the forfeiture statute at issue in this case.  *See United States v. Sexton*, 894 F.3d 787, 798–99 (6th Cir. 2018); *United States v. Peithman*, 917 F.3d 635, 652 (8th Cir. 2019).  In *United States v. Reed*, 908 F.3d 102, 127 (5th Cir. 2018), the Government conceded that joint-and-several liability was inappropriate in the fraud context.  *Reed* declined to take a side on the "burgeoning circuit split," and instead remanded "to the district court to allocate the . . . forfeiture between the two defendants." *Id*.

However, in *United States v. Sanjar*, 876 F.3d 725, 749 (5th Cir. 2017), the Fifth Circuit addressed joint and several liability under Section 982(a)(7): "Like the drug forfeiture statute, the text of the health care fraud forfeiture statute does not provide for joint and several or co-conspirator liability."  So too here.  "[S]ection 982(a)(7) allows forfeiture to reach property 'that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.'" *Id*.  *See also United States v. Gjeli*, 867 F.3d 418, 427–28 (3d Cir. 2017) (holding that *Honeycutt* applies to the RICO forfeiture statute because it was "substantially the same as the one under consideration in *Honeycutt*").

In light of the above, this Court declines to order Rimlawi and Won jointly and severally liable for the $6,355,000 received by MISI.  However, Defendants are still liable for proceeds they would not have received "but for" their criminal conduct.  *United States v. Faulkner*, 17 F.3d 745, 774 (5th Cir. 1994).  Allowing Defendants to avoid forfeiture for the simple reason that the proceeds did not flow directly into their pockets -- but rather into the coffers of their jointly owned practice -- would run contrary to the statute's purpose.  *See United States v. Hoffman*, 901 F.3d 523,

3

560–61 (5th Cir. 2018) ("As opposed to restitution which is remedial, forfeiture is punitive. The aim of a forfeiture award is to take any ill-gotten gains from a defendant.").

The Government demonstrated -- through ample evidence at trial -- that Defendants would not have secured the proceeds but for their criminal conduct, and that those proceeds directly benefited both members of the partnership (*see* Doc. 1382 at 10–16). Therefore, as partners with 50/50 ownership stakes, Rimlawi and Won will each be liable for half of the proceeds received by MISI. *See Hoffman*, 901 F.3d at n.27 (noting that co-owners of a business each "acquired" the illicit proceeds). This means Rimlawi would be liable for $4,952,500 ($3,177,500 plus $1,775,000), and Won would be liable for $5,945,000 ($3,177,500 plus $2,767,500).

## CONCLUSION

Although joint-and-several liability may be impermissible, forfeiture absent a jury determination is not. A final ruling on each Defendant's forfeiture amount will be made at each of their respective hearings.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 12, 2021